UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

RONALD FRANCIS,                                                  **AMENDED COMPLAINT**

                        Plaintiff,

                                                          14 CV 6166
-against-                                                        (JG) (RLM)

CITY OF NEW YORK, ANDREW ERATO, Individually, and
UNDERCOVER POLICE OFFICER # CO 251, Individually,

                                 Defendants.

------------------------------------------------------------------------------X

Plaintiff RONALD FRANCIS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff RONALD FRANCIS is a forty-five year old African American man residing in the State of New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants ANDREW ERATO and UNDERCOVER POLICE OFFICER # CO 251, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.    On October 21, 2011, defendant NYPD Officers ERATO and UNDERCOVER OFFICER # CO 251 conspired to falsely arrest plaintiff RONALD FRANCIS.

13.    On October 21, 2011, at approximately 8:15 p.m., FRANCIS was lawfully present in front of 19 Patchen Avenue, Brooklyn, New York, when defendant ERATO stopped, detained, searched, and handcuffed FRANCIS, despite lacking probable cause to believe FRANCIS had committed any crime or offense.

14.    Defendants ERATO and UNDERCOVER OFFICER # CO 251 thereafter caused FRANCIS to be imprisoned in a police vehicle for approximately five hours while FRANCIS was rear handcuffed and imprisoned inside said vehicle.

15.    The defendants caused FRANCIS to be transported to the NYPD's 81st precinct stationhouse and imprisoned him therein.

16.    While imprisoned in the 81st precinct, NYPD officers strip searched FRANCIS three times.  Defendant ERATO, as plaintiff's arresting officer, was responsible for plaintiff's care, custody and control while in police custody.  ERATO admitted in official police paperwork that he was aware of plaintiff being strip searched.  As plaintiff's arresting officer, ERATO participated in or otherwise approved of plaintiff's strip searches and/or failed to intercede despite an obligation to do so.

17.    In particular, FRANCIS was removed from his holding cell and subjected to two humiliating and unlawful strip searches.  During the strip search, plaintiff was ordered to remove his pants and underwear, bend over, spread his buttocks, and lift his testicles.  Also during the search, an officer involved in the search smacked his buttocks and stated, in sum and substance,

spread 'em. FRANCIS pulled up his pants and underwear, but then was then ordered again to remove his pants and underwear for a second time, at which time FRANCIS was forced to bend over, spread his buttocks, and lift his testicles.

18.    A short while later, FRANCIS was strip searched a third time.  He was again directed to remove his pants and underwear, bend over and spread his buttocks.

19.    Upon information and belief, defendant UNDERCOVER POLICE OFFICER # CO 251, together with defendant ERATO, attempted to justify FRANCIS'S false arrest and strip searches by creating and manufacturing false evidence against FRANCIS.

20.    Defendants UNDERCOVER POLICE OFFICER # CO 251 and ERATO falsely alleged that: FRANCIS told UNDERCOVER POLICE OFFICER # CO 251 that FRANCIS "got" UNDERCOVER POLICE OFFICER # CO 251; that FRANCIS'S "man" can sell UNDERCOVER POLICE OFFICER # CO 251 marijuana; that FRANCIS "nodded his head toward" another individual; and, that while said other individual engaged in a sale of marijuana to UNDERCOVER POLICE OFFICER # CO 251, FRANCIS was "looking up and down the block." All of these allegations are entirely false.

21.    On October 22, 2014, defendant ERATO was interviewed by an Assistant District Attorney for the Kings County District Attorney's Office who, notwithstanding the false allegations in paragraph 19 *supra,* determined that there was "insufficient evidence" to prosecute FRANCIS.

22.    FRANCIS was thereafter released from custody without being charged with committing any crime or offense, and with the record of his arrest being sealed.

23.    All of the above occurred as a direct result of the unconstitutional policies,

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of: disproportionately stopping, detaining, and falsely arresting minority individuals on the pretext that they were involved in drug transactions; manufacturing false evidence against individuals in a conspiracy to charge them in drug transactions; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; blanket strip searching of arrestees by NYPD narcotics divisions without individualized suspicion, and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

24.     The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts.  As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants: disproportionately stop, detain, strip search, and falsely arrest minority individuals on the pretext that they were involved in drug transactions; manufacture false evidence against individuals in a conspiracy to charge them in drug transactions; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest

individuals and engage in a practice of falsification in an attempt to justify the false arrest.

25.     In addition, in another civil rights action filed in this court involving false allegations of involvement in a narcotics transaction by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or police by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

26.     Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former Deputy Commissioner Paul J. Brown, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

27.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

28.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

6

29.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff RONALD FRANCIS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.     As a result of the foregoing, plaintiff RONALD FRANCIS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

35.     As a result of the foregoing, plaintiff RONALD FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 Against Defendants ERATO and UNDERCOVER OFFICER # CO 251)

36.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.      Defendants ERATO, KHAN, and UNDERCOVER OFFICER # CO 251  arrested plaintiff RONALD FRANCIS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38.      Defendants caused plaintiff RONALD FRANCIS to be falsely arrested and unlawfully imprisoned.

39.      As a result of the foregoing, plaintiff RONALD FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983 Against Defendant ERATO)

40.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.      Plaintiff was repeatedly strip searched with defendant ERATO's knowledge and/or participation in an effort to embarrass, humiliate, harass and intimidate plaintiff, in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched, and otherwise in violation of his rights.

42. Defendant ERATO thereby caused plaintiff RONALD FRANCIS to be deprived of his right to be free from unlawful strip searches.

43. As a result of the foregoing, plaintiff RONALD FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983 Against Defendants ERATO and UNDERCOVER OFFICER # CO 251)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants ERATO and UNDERCOVER OFFICER # CO 251 had an affirmative duty to intervene on behalf of plaintiff RONALD FRANCIS, whose constitutional rights were being violated in their presence by other officers.

46. The defendants failed to intervene to prevent the unlawful conduct described herein.

47. As a result of the foregoing, plaintiff RONALD FRANCIS'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to handcuffing and other physical restraints, and he was strip searched.

48. As a result of the foregoing, plaintiff RONALD FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 Against Defendant CITY OF NEW YORK)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: disproportionately stopping, detaining, and falsely arresting minority individuals on the pretext that they were involved in drug transactions or other insufficient and/or constitutionally suspect criteria; manufacturing false evidence against individuals in a conspiracy to charge them in drug transactions; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; conducting unnecessary and/or otherwise unreasonable strip searches, and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest and/or strip search.

52.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff RONALD FRANCIS'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and

conduct complained of herein.

53.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RONALD FRANCIS.

54.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RONALD FRANCIS as alleged herein.

55.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff RONALD FRANCIS as alleged herein.

56.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff RONALD FRANCIS was unlawfully arrested and maliciously prosecuted.

57.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff RONALD FRANCIS'S constitutional rights.

58.     All of the foregoing acts by defendants deprived plaintiff RONALD FRANCIS of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from unreasonable strip searches; and

D. To be free from the failure to intervene.

59. As a result of the foregoing, plaintiff RONALD FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE,** plaintiff RONALD FRANCIS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
February 24, 2015

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff RONALD FRANCIS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)
JASON LEVENTHAL (JL1067)

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------X

RONALD FRANCIS,

                                        Plaintiff,

                                                                    14 CV 6166
                                                                    (JG) (RLM)

            -against-

CITY OF NEW YORK, ANDREW ERATO, Individually, and
UNDERCOVER OFFICER # CO 251, Individually,

                                        Defendants.

-----------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100